**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

In re:

PAUL E. OSBORNE,

                Debtor.

CASE NO. 07-20211

DECISION & ORDER
_____

## BACKGROUND

On January 29, 2007, Paul E. Osborne (the "Debtor") filed a petition initiating a Chapter 7 case, along with the Schedules and Statements required to be filed by Section 521 and Rule 1007, including a Form B22A (the "Chapter 7 Means Test Form").

On his Schedules A and B, the Debtor listed his ownership of a residence at 302 E. Second Street, Watkins Glen, New York (the "E. Second Street Residence"), a 2000 Grand Caravan (the "Grand Caravan") and a 2002 Yamaha Dirt Bike (the "Dirt Bike"). However, on his Chapter 7 Individual Debtor Statement of Intention, the Debtor indicated he would be surrendering the E. Second Street Residence, the Grand Caravan and the Dirt Bike to the respective secured creditors listed on his Schedule D.

The Debtor's initial Section 341 Meeting of Creditors was conducted on March 24, 2007, and adjourned to afford the Office of the United States Trustee (the "U.S. Trustee") the opportunity to determine whether it would file a Motion to Dismiss his Chapter 7 case under one or more of the provisions of Section 707(b).

**BK. 07-20211**

On May 7, 2007, the U.S. Trustee filed a Statement of Presumed Abuse under Section 704(b)(1)(A), and on May 22, 2007, filed a Motion to Dismiss (the "Motion to Dismiss") Pursuant to Section 707(b) For The Presumption Of Abuse Or, In The Alternative, Dismiss For Abuse Pursuant to Sections 707(b)(1) and (3). In the Motion to Dismiss, the U.S. Trustee indicated that the alleged presumption of abuse under Section 707(b)(2)(A) arose in part because on the Chapter 7 Means Test Form the debtor deducted ownership costs for the Grand Caravan that were not permissible since he intended to surrender the vehicle.

On June 25, 2007, the Debtor interposed a "Response" to the Motion to Dismiss and filed an amended Form B22A (the "Amended Chapter 7 Means Test Form") that took secured debt payment deductions for the E. Second Street Residence, Grand Caravan and Dirt Bike, notwithstanding the Debtor's stated intention to surrender those assets. The Response included copies of various articles discussing the decisions of a number of Bankruptcy Courts which had determined that similar secured debt payments could be deducted on a Chapter 7 Means Test Form, even if a debtor had or intended to surrender the assets. Those cases included *In re Hoerlein*, 2007 Bankr. LEXIS 1043 (Bankr. S.D. Ohio Apr. 3, 2007) ("*Hoerlein*"), which agreed with the decision of the Bankruptcy Court in *In re Sorrell*, 359 B.R. 167 (Bankr. S.D. Ohio 2007)

**Page 2**

**BK. 07-20211**

("*Sorrell*"), and *In re Longo,* 2007 Bankr. LEXIS 902 (Bankr. D. Conn. Mar. 19, 2007) ("*Longo*"), decided in the Second Circuit.

On June 25, 2007, the U.S. Trustee interposed a "Reply" to the Debtor's Response which asserted that the secured debt payments at issue could not be deducted on the Debtor's Amended Chapter 7 Means Test Form when the Debtor had surrendered or indicated an intention to surrender the assets. The Reply included citations to various bankruptcy court decisions that were in agreement with the position of the U.S. Trustee, including *In re Harris*, 353 B.R. 304, 309-310 (Bankr. E.D. Ok 2006).

At the June 27, 2007 initial return date of the Motion to Dismiss, the attorney for the Debtor requested that the Court, before addressing the U.S. Trustee's other assertions, including the Section 707(b)(3) allegations, file a written decision on the issue of whether, if a debtor files a statement of intention to surrender a secured asset such as a residence or vehicle, it is still permissible for that debtor to include on Question 42 of Subpart C of the Chapter 7 Means Test Form,[1] payments contractually

---

[1] Subpart C: Deductions for Debt Payment, reads as follows:

"Future payments on secured claims. For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment. The Average Monthly Payment is the total of all amounts contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. Mortgage debts should include payments of taxes and insurance required by the mortgage. If necessary, list additional entries on a separate page."

Page 3

**BK. 07-20211**

due on that secured debt at the date of the petition when calculating the debtor's average monthly payments on account of secured debts under Section 707(b)(2)(A)(iii)(I).[2]

## DISCUSSION and CONCLUSION

This issue has been thoroughly discussed, analyzed and decided by numerous Bankruptcy Courts, including those set out in Footnote #1 of the recent decision of Bankruptcy Judge Jeffery P. Hopkins in *Hoerlein*. For the reasons set forth in the majority position, as articulated in *Sorrell, Hoerlein* and *Longo*, which interprets the "scheduled as contractually due to secured creditors" language in accordance with this Court's view, and also expresses the role and function of the Chapter 7 Means Test and abuse presumption at the date of the petition in accordance with this Court's view, I find that the Debtor can deduct, as he did on the Amended Chapter 7 Means Test Form, the monthly payments contractually due to the

---

[2] Section 707(b)(2)(A) provides, in part, that:

> (iii) The debtor's average monthly payments on account of secured debts shall be calculated as the sum of ---
>
> > (I) the total of all amounts scheduled as contractually due to secured creditors in each month of the 60 months following the date of the petition[.]

11 U.S.C. § 707 (2007).

**Page 4**

BK. 07-20211

respective secured creditors for the E. Second Street Residence, Grand Caravan and Dirt Bike.[3]

**IT IS SO ORDERED.**

                                                                /s/
                                 **HON. JOHN C. NINFO, II**
                                 **U.S. BANKRUPTCY JUDGE**

**Dated: August 28, 2007**

---

[3] The facts that the Debtor no longer lived in the E. Second Street Residence at the time of his filing, and has or will be surrendering the E. Second Street Residence, Grand Caravan and Dirt Bike, are relevant to the Debtor's "financial situation" under Section 707(b)(3)(B) in connection with the U.S. Trustee's outstanding Motion to Dismiss.